Juan Feliciano y María Santana Falero, demandantes y apelados, *v.* J. Ramón Quiñones, Rafael Landrón y Landrón y Joaquín Velilla, en su carácter de miembros de la Comisión de Servicio Público, demandados y apelantes.

Núm. 8314.—*Sometido:* Mayo 28, 1941. *Resuelto:* Junio 10, 1941.

*Tomás Torres Pérez,* oficial jurídico y de la Comisión de Servicio Público, abogado de los apelantes; *Rafael Rivera Zayas* y *Miguel Guerra-Mondragón,* abogados de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La Comisión de Servicio Público de Puerto Rico instó este recurso para revisar el auto de *injunction* dirigido contra

ella ordenándole que por sí o por sus agentes o empleados se abstenga de ejecutar su resolución de 29 de noviembre de 1938 dictada en el caso J–5828, por la que ordenó la abolición del paso a nivel que actualmente existe en la calle Cerra, del barrio Santurce de esta ciudad.

Conforme resulta de los autos, el Comisionado del Interior de Puerto Rico, el 18 de agosto de 1938, elevó un escrito a dicha comisión en el que luego de señalar el constante peligro con que el referido paso a nivel amenaza a los que se ven obligados a transitar en vehículos por dicho sitio, solicita que se ordene su cierre, comunicándole a la vez el proyecto de construir, con fondos del Gobierno Federal, una variante en la Avenida Fernández Juncos, que partiendo de la parada 18, empalmará con el puente de báscula en la carretera núm. 2, de San Juan a Bayamón, variante que hará innecesario el mencionado paso a nivel.

Enterada del escrito, la American Railroad Co. of Puerto Rico, dueña de las vías tendidas en el paso a nivel, el primero de septiembre siguiente compareció ante la Comisión y luego de especificar los peligros e inconveniencias del indicado paso a nivel, consignó su conformidad con lo solicitado por el Comisionado del Interior.

Así las cosas, el primero de octubre de 1938 la Comisión de Servicio Público expidió un aviso que publicó en el diario *"El Mundo"* los días 3 y 5 de octubre de 1938, que literalmente dice así:

"Anuncio.—Caso Núm. J–5828.

"En la Comisión de Servicio Público de Puerto Rico.

"Aviso: Audiencia pública respecto a solicitud del Hon. Comisionado del Interior para abolir el paso a nivel en la Calle Cerra, de la Parada 15, por la Carretera núm. 2, de San Juan a Bayamón, que cruza en ese sitio tres vías paralelas del ferrocarril de la American Railroad Company of Puerto Rico.

"Por el presente se hace saber para conocimiento del público en general que pende de resolución ante esta Junta la solicitud del epígrafe, en la que expone y alega el Comisionado del Interior que

el paso a nivel que existe en la actualidad en la Calle Cerra, Parada 15, de Santurce, por la carretera núm. 2 de San Juan a Bayamón, que cruza tres vías paralelas del ferrocarril de la 'American Railroad Company of Puerto Rico', constituye una amenaza a la seguridad pública y con el único propósito de prevenir accidentes fatales, se dispone, con los fondos asignados por el Gobierno Federal para tales fines, construir una variante a esa carretera que, partiendo de la Parada 18, de la Avenida Fernández Juncos, empalmará con el puente de báscula en la carretera núm. 2, de San Juan a Bayamón; que la abolición de ese paso a nivel en nada afectará el tránsito por la calle Cerra, que continuará teniendo acceso a la nueva carretera variada por medio de calles transversales antes y después del referido paso a nivel, y que la construcción de la indicada variante no sólo pondrá fin a este inminente peligro de la seguridad pública, sino que también mejorará considerablemente las condiciones de tránsito existentes, ya que la misma tendrá espacio para 4 líneas de vehículos y doble línea de acera. Por lo que solicita el Comisionado del Interior de esta comisión ordene la abolición del paso a nivel, todo ello de acuerdo con el apartado (s) del artículo 3 de la ley núm. 70 (Ley de Servicio Público), aprobada en 6 de diciembre de 1917.

"Toda persona que desee intervenir y ser oída en la audiencia pública que acerca de la anterior solicitud celebrará esta comisión el viernes, 7 de octubre de 1938, a las 10:00 A. M., deberá presentar antes de dicha fecha un escrito haciendo constar en detalle los hechos en que funda su derecho a intervenir y ser oída, enviando copia del mismo al Comisionado del Interior y enviando prueba a esta oficina de haberle notificado.

"San Juan, P. R., a 1 de octubre de 1938.

(Fdo.)   Luis Freyre Díaz,<br>Secretario."

El 7 de octubre de 1938, conforme se había expresado en el aviso transcrito, se celebró la sesión a la que comparecieron el Comisionado del Interior representado por el Lic. Angel C. Calderón; el Gobierno de la Capital, por su Administrador Dr. Carlos M. de Castro; American Railroad Co. of Puerto Rico, por el Lic. Donald R. Dexter, y los opositores Antonio Lago, Angel Gelpí Arroyo, F. Negrón Rodríguez, Víctor Manuel Monsanto, Cruz Correa, Nicolás Monsanto Cirico, Luis Cortés y Fernando Noa.

El 29 de octubre de 1938 la Comisión declaró con lugar la petición del Comisionado del Interior, dictando la resolución impugnada, cuya parte dispositiva dice así:

"Tomando en consideración todas las circunstancias concurrentes en este caso, esta comisión resuelve autorizar la eliminación referida, condicionándola con que se establezcan los correspondientes viaductos o túneles para viandantes así como también la circunstancia de no cerrarse al tránsito de vehículos de motor la calle que paralelamente corre desde Miramar hasta la Parada 21, así como tampoco la calle Cerra en sus partes que llegan hasta la vía de la American Railroad Company desde la Avenida Ponce de León hacia el sur y desde el puente de báscula que está en la carretera núm. 2 a la salida de la Parada 15, hacia el norte, hasta el cruce de referencia.

"Debe entenderse que esta autorización es sin perjuicio de que las partes que pudieran perjudicarse podrán reclamar, en cualquier forma legal autorizada por nuestros estatutos, la compensación correspondiente por los daños y perjuicios que sufran.

"Debe entenderse también que la eliminación de este paso a nivel de la calle Cerra se autoriza con la condición de que no tendrá efectividad hasta que se construya otro paso, a desnivel, por el sitio indicado en el plano presentado en el acto de la vista, el cual se acompaña y se hace formar parte de esta orden. Los detalles de esta construcción deben aparecer en un proyecto que prepare al efecto el Departamento del Interior, el cual, para los fines de esta construcción, debe ser aprobado por esta comisión."

Los demandantes apelados, alegando ser dueños de las dos propiedades adyacentes al paso a nivel, que no asistieron a la audiencia celebrada en la Comisión de Servicio Público, y que sólo fueron notificados mediante la publicación del aviso antes transcrito, recurrieron para ante la corte inferior alegando ocho razones por las cuales estiman ellos que la citada resolución es nula, siendo las más importantes, a nuestro juicio, por considerarlas de carácter jurisdiccional, las siguientes:

"(c) Porque los demandantes, en su carácter de dueños de propiedad adyacente al mencionado paso a nivel cuya eliminación o abolición ha sido ordenada, no recibieron el aviso debido de la Comisión de Servicio Público, ni de ninguna otra persona o entidad, para

el acto de la vista que celebró el día 7 de octubre de 1938 a virtud de la solicitud instada por el Comisionado del Interior, según se alega en el apartado 6 de esta demanda.

"(e) Porque los demandantes, ni ninguno de los demás dueños de propiedad adyacente a dicho paso a nivel, tuvieron oportunidad de intervenir en dicha vista y ser oídos."

Contestó la comisión oponiéndose a las pretensiones de la demanda, alegando entre otras razones que la resolución impugnada se dictó después de darse aviso público y celebrarse audiencia, y que no era necesario avisar personalmente a los dueños de propiedades adyacentes por no ser partes interesadas legalmente en el asunto, por razón de que "propiedades, materiales, etc., no habían de ser perjudicados o destruídos en la abolición que se ordena." La corte inferior, después del correspondiente juicio en el que estimó probado que los demandantes eran dueños de propiedad adyacente y que no fueron citados excepto mediante la publicación del aviso anteriormente transcrito, dictó el auto de injunction objeto de este recurso.

■ No hay duda alguna que los demandantes tienen el carácter de dueños adyacentes, pues el hecho de que entre el paso a nivel y sus propiedades exista una calle o carretera no les quita tal carácter. Véase el caso de *Tallapoosa Lumber Co.* v. *Copeland,* 164 So. 658, 659, 75 A.L.R. 1325.

■■ ¿Actuó la apelante con jurisdicción al ordenar el cierre del paso a nivel sin citar personalmente a los demandantes como dueños de propiedad adyacente? Ésa es la cuestión alrededor de la cual gira la controversia en este caso.

El precepto legal aplicable es el contenido en el párrafo tercero del artículo 34 de la Ley de Servicio Público de Puerto Rico (Leyes de 1917 (2), pág. 433), que dice así:

"La Comisión tendrá también poder exclusivo, de oficio o mediante querella y después de celebrar audiencia según más adelante se dispone (de la cual *se dará debido aviso* a todas las partes interesadas, incluyendo *a los dueños de propiedad adyacente*), para ordenar que cualquiera de los antedichos cruces, ahora existentes, o que en

lo sucesivo se construyeren, sean resituados, alterados, o abolidos de acuerdo con los planos y especificaciones que deberán aprobarse, y en los términos y condiciones justos y razonables que se prescribieren por la Comisión.''

La comisión no dió a los apelados el debido aviso que de manera expresa exige la ley que se dé a los dueños de propiedad adyacente. Cuando la ley exige que determinadas personas sean notificadas de un procedimiento, ya sea ante una corte de justicia o ante una junta administrativa, el aviso o notificación debe hacerse personalmente siempre que pueda llevarse a efecto mediante el ejercicio de razonable diligencia, pues el aviso por publicación, o constructivo, está predicado en la necesidad, y solamente puede recurrirse a él en aquellos casos en que la notificación no puede hacerse personalmente, bien porque la persona que deba ser citada no sea residente o siéndolo se halle fuera del territorio o no pueda encontrarse, o se oculte para que no pueda citársele. 21 R.C.L. 1288, sección 32; *McDaniel* v. *McElvy*, 51 A.L.R. 731.

Como se dice en 51 C. J. 84, 85, citado por los apelados, procede el remedio de injunction para impedir que una orden nula de una comisión de servicio público sea puesta en vigor, a menos que la ley prescriba otro remedio al cual deba recurrirse exclusivamente, y no existe en la ley un procedimiento exclusivo para casos como el presente.

Es verdaderamente sensible que por un error como el señalado por los apelados tengamos que dejar sin efecto la resolución apelada, pero tratándose como se trata de un defecto jurisdiccional, puesto que la ley específicamente exige que se dé a los dueños de propiedades adyacentes ''debido aviso'', es inevitable la conclusión a que llegó la corte sentenciadora al decretar el injunction solicitado. Bien pudo la apelante, al advertírsele el error, dejar sin efecto la citada resolución y citar entonces en legal forma a los apelados. Seguramente que si así se hubiese procedido, hace tiempo que este asunto hubiese quedado definitivamente resuelto.

*Por lo expuesto, procede la confirmación de la sentencia apelada.*