PABLO ORTIZ GONZÁLEZ, demandante y recurrido, *v.* SECRETARIO DE JUSTICIA, demandado y peticionario.

*Número:* O-83-583    *Resuelto:* 17 de enero de 1984

*Miguel Pagán, Procurador General Interino,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo, peticionario; *Manuel Cruz Soto,* abogado del recurrido.

PER CURIAM: El 26 de agosto de 1982 el señor Ortiz González demandó al Secretario de Justicia para impugnar la con-

---

fiscación de un vehículo de motor. El mismo día presentó una moción sobre consignación y devolución de propiedad incautada. Se certificó en la moción el envío de copia de ella al Secretario de Justicia. Nunca se emplazó al Secretario, quien no compareció al pleito.

El demandante solicitó sentencia sumaria a su favor, la cual le fue concedida. El Secretario de Justicia compareció entonces para que se dejase sin efecto la sentencia por no haberse adquirido nunca jurisdicción sobre su persona. El tribunal de instancia sostuvo su sentencia y el Secretario acudió a este foro.

La Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de junio de 1960 (34 L.P.R.A. sec. 1722(a)) dispone en parte que:

> Los dueños, encargados o interesados en los bienes ocupados podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha de la notificación, mediante demanda contra el funcionario bajo cuya autoridad se haya efectuado la confiscación, a quien se notificará . . . . Las cuestiones que se susciten deberán resolverse, y los demás procedimientos tramitarse de la misma manera que si se tratase de una acción civil ordinaria.

La cuestión que plantea este caso es si la notificación que se hace al funcionario bajo cuya autoridad se efectúa la confiscación entraña su emplazamiento. En otras palabras, ¿basta para adquirir jurisdicción sobre tal funcionario la simple notificación de mociones en el pleito, o aun de la propia demanda, sin que medie emplazamiento?

La Regla 61 de Procedimiento Civil provee:

> Todos los procedimientos legales especiales, los recursos extraordinarios y cualesquiera otros procedimientos de naturaleza especial no incluidos en las Reglas 55, 56, 57, 58, 59 y 60 se tramitarán en la forma prescrita en el estatuto correspondiente. En todo aquello que no resulte incompatible ni esté en conflicto con las disposiciones de dichos estatutos se aplicarán las disposiciones de estas reglas.

No se nos ha demostrado que el requisito del emplazamiento (Regla 4) esté reñido con los términos y propósitos de la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones al hablar de "notificación". Por el contrario aunque la cuestión precisa planteada aquí es novel, hemos aplicado las Reglas aun cuando la referida Ley Uniforme aparentaba estar reñida con ellas y otros aspectos de nuestro ordenamiento jurídico. *Gómez Hnos., Inc* v. *Tribunal Superior*, 100 D.P.R. 625, 628 (1972). Véanse, además, *Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 D.P.R. 45, 48-49 (1964); *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554 (1959); y *Feliciano* v. *Quiñones*, 58 D.P.R. 842, 847 (1941). La sentencia en este caso se dictó sin jurisdicción. Según se expresa en la Regla 1, las Reglas de Procedimiento Civil regirán "todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia", excepto en casos de evidente incompatibilidad con leyes especiales.

*Se expedirá el auto, se revocará la sentencia recurrida y se devolverá el caso a instancia para que se le brinde oportunidad al demandante de emplazar al Secretario de Justicia.*

El Juez Asociado Señor Irizarry Yunqué no intervino.