COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO, demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y peticionario.

*Número:* CE-86-459          *Resuelto:* 23 de diciembre de 1986

*Rafael Ortiz Carrión, Procurador General, Carmen A. Bravo de Riefkhol, Procuradora General Auxiliar,* abogados de la parte peticionaria; *Miguel Colón Hernández,* abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El día 10 de octubre de 1985 un agente de la División de Vehículos Hurtados de la Policía de Puerto Rico "ocupó" un vehículo de motor propiedad del interventor-recurrido José L. Berríos Pérez por razón de que los números de serie e identificación de fábrica de dicho vehículo habían sido mutilados y/o sustituidos por otros.

Radicada la correspondiente demanda de impugnación de confiscación, y la contestación a la misma, la parte demandante-recurrida radicó una *moción de sentencia sumaria* en la que alegó, en síntesis y en lo pertinente, que la notificación requerida por el Art. 2(a) de la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones,[1] 34 L.P.R.A. sec. 1722(a), se hizo vencido el término de diez días que requiere el mismo. Luego de radicada la correspondiente oposición, el Tribunal Superior de Puerto Rico, Sala de Caguas, mediante sentencia de fecha 9 de abril de 1986, declaró con lugar la solicitud de sentencia sumaria de la parte demandante resolviendo, en síntesis y en lo pertinente, que la confiscación y notificación correspondiente había sido en efecto "realizad[a] pasado el término de diez (10) días que concede la Ley".

Inconforme, la parte demandada acudió ante este Tribunal mediante la radicación del presente recurso de *certiorari.* Mediante resolución de fecha 4 de agosto de 1986 le concedimos término a la parte recurrida para que mostrara causa por

---

[1] Ley Núm. 39 de 4 de junio de 1960.

la cual este Tribunal no debía expedir el auto solicitado y dictar sentencia revocatoria de la dictada por el tribunal de instancia. Ha comparecido. Resolvemos.

I

█ El Art. 77(f) (6) de la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico(²) (13 L.P.R.A. sec. 4077(f) (6) ) le confiere facultad al Secretario de Hacienda de Puerto Rico para confiscar:

> Cualquier vehículo de motor, aparato, equipo, maquinaria, o artefacto mecánico, eléctrico, o de gas fluido del cual se haya removido, alterado, desfigurado o destruido en forma alguna los números de serie del manufacturero o cualquier otro número de identificación.

La confiscación que así realice el Secretario deberá ser llevada a efecto de acuerdo con las disposiciones de la Ley Uniforme de Confiscación, la cual en su Art. 2(a) dispone:

> El procedimiento se iniciará mediante la ocupación de la propiedad por el Secretario de Justicia, el Secretario de Hacienda, o el Superintendente de la Policía, por conducto de sus delegados, policías o agentes de orden público. *El funcionario bajo cuya autoridad se actúe notificará al dueño, encargado o persona con derecho o interés conocido en la propiedad ocupada, de la ocupación y tasación de los bienes ocupados; debiendo efectuarse la notificación en forma fehaciente, dentro de los diez (10) días siguientes a la ocupación; entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo.* Los dueños, encargados o interesados en los bienes ocupados podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha de la notificación, mediante demanda contra el funcionario bajo cuya autoridad se haya efectuado la confiscación, a quien se notificará y quien deberá formular sus alegaciones dentro de los diez (10) días siguientes a la. notificación. La demanda deberá radicarse en la Sala del Tribunal Superior

---

(²)Ley Núm. 2 del 20 de enero de 1978.

de Puerto Rico, correspondiente al lugar donde se efectuó la ocupación, y el juicio se celebrará sin sujeción a calendario. *Las cuestiones que se susciten deberán resolverse, y los demás procedimientos tramitarse de la misma manera que si se tratase de una acción civil ordinaria.* Contra la sentencia que recaiga no habrá otro recurso que el *certiorari* para el Tribunal Supremo, limitado a cuestiones de derecho. La radicación de la demanda de impugnación dentro del término aquí establecido se considerará requisito jurisdiccional previo para el ejercicio de la acción aquí autorizada. (Énfasis suplido.) 34 L.P.R.A. sec. 1722(a).

■ No hay duda de que el término de diez (10) días que provee el citado Art. 2(a) de la Ley es uno de "estricto cumplimiento", la violación del cual de ordinario conlleva la nulidad de la confiscación realizada. *Colón Medina* v. *Srio. de Hacienda*, 109 D.P.R. 540 (1980); *Vázquez Fontánez* v. *Tribunal Superior*, 102 D.P.R. 396 (1974); *Srio. de Justicia* v. *Tribunal Superior*, 96 D.P.R. 116 (1968); *Srio. de Justicia* v. *Tribunal Superior*, 95 D.P.R. 158 (1967).

■ Ahora bien, el Art. 388 del Código Político de Puerto Rico, 1 L.P.R.A. sec. 72, dispone que el "tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día *e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido*". (Énfasis suplido.) En adición a lo anteriormente expresado tenemos, como hemos visto, que el antes transcrito Art. 2(a) de la Ley Uniforme de Confiscación dispone que en los pleitos de impugnación de confiscación, las "cuestiones que se susciten deberán resolverse, y los demás procedimientos tramitarse de la misma manera que si se tratase de una acción civil ordinaria". En armonía con lo antes dispuesto, en *Ortiz González* v. *Srio. de Justicia*, 115 D.P.R. 55 (1984), resolvimos que las Reglas de Procedimiento Civil son aplicables a los procedimientos de impugnación de confiscación de vehículos de motor en todo aquello que no sea incompatible con dicha ley especial.

Como es sabido, la Regla 68.1 de las de Procedimiento Civil de 1979 establece que:

*En la computación de cualquier término prescrito* o concedido por estas reglas, o por orden del tribunal o *por cualquier estatuto aplicable,* no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. *El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado.* (Énfasis suplido.) 32 L.P.R.A. Ap. III, R. 68.1.

A nuestra manera de ver las cosas, no existe incompatibilidad o razón alguna para no aplicar el claro mandato contenido en el citado Art. 388 del Código Político y lo preceptuado por la transcrita Regla 68.1 a las disposiciones del citado Art. 2(a) de la Ley Uniforme de Confiscación. Por el contrario, no aplicar las referidas disposiciones significaría que el funcionario que realice la confiscación tendría menos del término estatutario de diez (10) días para actuar en todo caso en que el décimo día venza sábado, domingo o día feriado. Ello ni es lógico ni resulta razonable. Debe recordarse que a igual conclusión llegamos respecto al *término jurisdiccional* de treinta (30) días que se tiene para presentar y notificar un escrito de revisión o apelación. Véase *Montalvo* v. *Ceramic Enterprises,* 107 D.P.R. 698 (1978).

En vista de lo anteriormente expresado, resolvemos que cuando el término de diez (10) días establecido por el Art. 2(a) de la Ley Uniforme de Confiscación venza en sábado, domingo o día feriado, el plazo antes mencionado se extenderá hasta el próximo día hábil.

## II

En el presente caso el vehículo de motor en controversia fue "ocupado" el día *10* de octubre de 1985. En su consecuen-

cia, el "último" día que tenía el Secretario para notificar la confiscación realizada era el *20* de octubre, *el cual era domingo*. En virtud de lo dispuesto por el Art. 388 del Código Político y por la referida Regla 68.1, sin embargo, el Secretario de Hacienda tenía hasta el lunes *21* de octubre de 1985 para realizar la notificación; fecha en que precisamente alega dicho funcionario que lo hizo; alegación que se le debe permitir que sustancie en una vista señalada a esos efectos.

Por los fundamentos antes expresados, *se expide el auto solicitado y se dictará sentencia revocatoria de la dictada por el Tribunal Superior de Puerto Rico, Sala de Caguas, en el presente caso y se devuelve el mismo a dicha sala para la continuación de los procedimientos ulteriores, compatibles con lo aquí resuelto.*