ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| MARIO ORTIZ MOLINA<br><br>Apelado<br><br>V.<br><br>EL COMISIONADO DE LA POLICÍA DE PUERTO RICO Y EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, REPRESENTADOS POR EL SECRETARIO DE JUSTICIA DOMINGO EMANUELLI HERNÁNDEZ<br><br>Apelantes | KLAN202301116 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Ponce<br><br>Caso Núm. PO2023CV00894<br><br>Sobre:<br><br>Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2024.

Comparece el Gobierno de Puerto Rico (Estado o parte apelante) mediante recurso de apelación y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Ponce (TPI), el 14 de septiembre de 2023 y notificada el 18 de septiembre. En su dictamen, el TPI declaró *Ha Lugar* la demanda sobre impugnación de confiscación presentada por el señor Mario Ortiz Molina.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

### I.

El 30 de marzo de 2023 el señor Mario Ortiz Molina instó una demanda contra el Comisionado del Negociado de la Policía

de Puerto Rico y el Gobierno de Puerto Rico. Alegó que el 21 de febrero de 2023, el agente Gabriel Rodríguez intervino con el joven Jan Carlos Colón Torres y, en el curso de dicha intervención, procedió a incautarse, para fines de confiscación, del vehículo Toyota Camry 2012. Adujo que la incautación fue ilegal, inconstitucional y contraria a derecho. Además, que el vehículo no fue utilizado en la comisión de la actividad delictiva. Mencionó que la confiscación del vehículo no fue notificada conforme a derecho, hecho que, por disposición de ley, la anula.

El 5 de mayo de 2023 el Estado contestó la demanda. Alegó que se presume la legalidad y corrección de la confiscación.

El 11 de mayo de 2023 Ortiz Molina presentó una Moción en Solicitud de Sentencia Sumaria. Sostuvo que luego de presentar la demanda, recibió la notificación de la confiscación de su vehículo, la cual resultaba ser tardía. Adujo como hechos incontrovertidos que la ocupación del vehículo se llevó a cabo el 21 de febrero de 2023 y que la notificación de la confiscación fue puesta en el correo el 14 de abril de 2023, habiendo transcurrido el término de 30 días para la notificación de la confiscación, a tenor con el Artículo 13 de la Ley Uniforme de Confiscaciones.[1] Unió a la moción una declaración jurada, la licencia del vehículo y el certificado de título.

El 7 de junio de 2023 el Estado presentó la Oposición a la Sentencia Sumaria. Allí sostuvo que el vehículo fue ocupado el 21 de febrero de 2023 para una investigación por causa de la comisión de delitos de la Ley de Armas, la cual contiene estatutos confiscatorios. Afirmó que la Orden de Confiscación fue expedida por el Ministerio Público a los 24 días de la ocupación del vehículo

---

[1] 34 LPRA sec. 1724j.

de motor, por lo que conforme al Artículo 13 de la Ley Uniforme de Confiscaciones, se realizó dentro del término de los 90 días establecidos para culminar la investigación relacionada con cualquier acción penal y emitir la orden de confiscación correspondiente. Manifestó que la notificación de la confiscación fue depositada en el correo el 14 de abril de 2023, a los 28 días de la expedición de la Orden de Confiscación, al estar relacionado a una investigación de índole penal. Por lo que, la notificación está dentro del término de los 30 días establecidos por la Ley Uniforme de Confiscaciones. Junto al escrito de oposición a la sentencia sumaria, el Estado incluyó el inventario del vehículo, la Orden de Confiscación emitida el 17 de marzo de 2023 y el Certificado de Inspección de Vehículo de Motor y Equipo Pesado del 8 de marzo de 2023 y las cartas de 13 de abril de 2023 emitidas por el Departamento de Justicia a Jean Carlos Colón Torres y a Mario Ortiz Molina.[2]

Tras otros trámites, el 13 de julio de 2023 el Tribunal celebró una vista argumentativa y el 24 de agosto de 2023 la Conferencia con Antelación al Juicio.

Trabada la controversia, el 14 de septiembre de 2023 el foro primario dictó sentencia mediante la cual declaró *Ha Lugar* la demanda de impugnación de confiscación. En esta, esbozó las siguientes *Determinaciones de Hechos*:

> 1. El 21 de febrero de 2023 se ocupó el vehículo marca Toyota, modelo Camry del año 2012 con tablilla JVP-925, registrado a nombre de Mario Ortiz Molina, aquí demandante, en el Registro de Vehículos del Departamento de Transportación y Obras Públicas de Puerto Rico.
>
> 2. Conforme el Certificación de Inspección de Vehículos de Motor y Equipo Pesado preparada por el Negociado de la Policía de Puerto Rico el 3 de marzo

---

[2] Apéndice págs. 56-90.

de 2023 el vehículo objeto del presente caso tiene las siguientes piezas cambiadas: guardalodo izquierdo, bómper frontal y bonete. Se consignó que estas piezas son reemplazo.

3. La Orden de Confiscación se emitió el 17 de marzo de 2023. De esta se desprende que se ordenó la confiscación "por considerarse que es producto, ha sido utilizado o está relacionado con la comisión de los hechos delictivos que se hacen constar en el epígrafe de esta Orden". No surge imputación alguna de que el vehículo fue incautado por motivos investigativos.

4. La notificación de la confiscación tiene fecha del 13 de abril de 2023, pero fue depositada en el correo el 14 de abril de 2023, siendo recibida por el Sr. Mario Cruz Molina, aquí demandante, el 17 de abril de 2023.

5. En la notificación de la confiscación se alega que la ocupación obedeció a que el 21 de febrero de 2023 el vehículo fue utilizado en violación a los Artículos 6.22 y 6.05 de la Ley de Armas de Puerto Rico.

6. En la Certificación de Inspección de Vehículos de Motor y Equipo Pesado preparada por el Negociado de la Policía de Puerto Rico expedida el día 3 de marzo de 2023; a la cual se hace referencia en la notificación de la confiscación no se notificó señalamiento alguno sobre la Ley 8 de Protección de Propiedad Vehicular.

Luego de exponer el derecho, el foro primario determinó lo siguiente:

Como reseñamos, el 21 de febrero de 2023 se ocupó el vehículo Toyota Camry del cual el demandante es el titular registral. El Estado retuvo la propiedad incautada, no hay prueba que nos permita establecer que el Estado inició algún tipo de investigación de naturaleza civil, penal o administrativa, la cual de alguna manera esté vinculada a la razón para ocupar la propiedad incautada. Tampoco se emitió una comunicación a los interesados sobre que cursaría una investigación ni cual fue la investigación realizada. Tampoco surge tal información de la Orden de Confiscación, por lo que no estamos en posición de concluir que procede aplicar el término excepcional de noventa (90) días de conformidad en el Artículo 13 de la Ley Uniforme de Confiscación, supra. Véase Reliable Financial v. ELA, supra.

Este Tribunal concluye, que de la única forma en que el Estado puede aprovecharse de este plazo adicional es estableciendo que la propiedad fue incautada y retenida con el propósito de asistir en alguna investigación. Sin embargo, en este caso el Estado no nos ha colocado en posición de concluir que hay controversia sobre si el vehículo fue ocupado para investigación. Por otro lado, la parte demandada no

abundó sobre la naturaleza de la investigación, ni la necesidad de retener la propiedad para fines asociados a tal investigación. Véase Reliable Financial v. ELA, supra, págs. 302-303.

El vehículo confiscado alegadamente se utilizó en violación de los Artículos 6.05 y 6.22 de la Ley de Armas de Puerto Rico 2020. Particularmente, el Artículo 6.05 de la Ley de Armas, supra, configura como delito el portar, transportar o usar armas de fuego sin licencia y el Artículo 6.22 de la Ley de Armas, se refiere a la fabricación, distribución, posesión y uso de municiones sin licencia. 25 LPRA Secs. 466d y 466u, respectivamente. No hay prueba que nos permita si quiera establecer que se inició una investigación sobre estos delitos señalados.

Por tanto, concluimos que en este caso aplica la norma general de que "[t]oda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes". Así pues, el término de los treinta (30) días con el que contaba el Estado para notificar la confiscación comenzó a transcurrir desde la fecha en que se ocupó el vehículo de motor, esto es, el 21 de febrero de 2023. En consecuencia, el Estado tenía hasta el jueves, 23 de marzo de 2023 para notificar a todas las partes con interés el hecho de la ocupación. No obstante, en el caso de autos, la notificación de la confiscación se llevó a cabo el 14 de abril de 2023, es decir, luego de transcurrido el término jurisdiccional de treinta (30) días para notificar la confiscación. En vista de que el Estado notificó la confiscación fuera del término provisto por Ley, la confiscación del vehículo resulta nula.

En desacuerdo, el 2 de octubre de 2023 el Estado solicitó reconsideración. En síntesis, solicitó la celebración de una vista evidenciaria.

El 10 de octubre de 2023, notificada el día 13 de ese mes y año, el foro primario declinó reconsiderar. Inconforme, el 12 de diciembre de 2023 el Estado presentó el recurso que atendemos en el que señaló que incidió el Tribunal de Primera Instancia al:

Darle paso a la moción dispositiva presentada por la parte apelada cuando la prueba documental demostró la necesidad de retener el vehículo de motor para una investigación criminal paralela de conformidad con el Artículo 13 de la Ley Uniforme de Confiscaciones de 2011 y al no tomar en cuenta que, como mínimo,

existe controversia de hechos sobre si el vehículo fue ocupado para fines investigativos en cumplimiento con ese articulado.

El apelado Ortiz Molina presentó su alegato en oposición. Con el beneficio de ambas comparecencias, resolvemos.

## II.

## A.

La sentencia sumaria posibilita la pronta resolución de una controversia cuando no se requiera la celebración de un juicio en su fondo. Ahora bien, para que proceda este mecanismo es necesario que de los documentos no controvertidos surja de que no hay una controversia real y sustancial sobre los hechos del caso. Universal Company y otros v. ELA, 211 DPR 455 (2023); Ramos Pérez v. Univisión, 178 DPR 200, 214 (2010). Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Universal Company y otros v. ELA, *supra*; Meléndez González et al. v M. Cuebas, 193 DPR 100 (2015); Ramos Pérez v. Univisión, *supra*, pág. 213.

Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja de que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. Pérez Vargas v. Office Depot, 203 DPR 687 (2019); Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V. La parte promovida no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar en forma detallada y específica, como lo hiciera la parte

solicitante. <u>Bobé et al. v. UBS Financial Services</u>, 198 DPR 6, 21 (2017); 32 LPRA Ap. V, R. 36.3(e).

La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. <u>Mun. de Añasco v. ASES et al.</u>, 188 DPR 307, 327 (2013); <u>Córdova Dexter v. Sucn. Ferraiuoli</u>, 182 DPR 541, 556 (2011); <u>González Aristud v. Hosp. Pavía</u>, 168 DPR 127, 138 (2006). Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. <u>Meléndez González et al. v. M. Cuebas</u>, supra, pág. 109.

Si el cúmulo de la evidencia demuestra que en efecto no hay controversia sustancial respecto a algún hecho esencial y pertinente, el tribunal deberá dictar sentencia sumaria si procede como cuestión de derecho. Esto es, si el derecho así lo justifica. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; <u>Universal Company y otros v. ELA</u>, *supra*; <u>Oriental Bank v. Perapi et al.</u>, 192 DPR 7, 25 (2014).

A tenor con lo anterior, al revisar una determinación de primera instancia, sobre una solicitud de sentencia sumaria, como foro intermedio podemos, *de novo*: (1) considerar los documentos que se presentaron ante el foro primario, (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. <u>Segarra Rivera v. Int'l Shipping, et al.</u>, 208 DPR 964 (2022); <u>Meléndez González et al. v. M. Cuebas</u>, *supra*, pág. 114.

**B.**

La confiscación es el acto mediante el cual el Estado, por mandato de la Asamblea Legislativa y actuación del Poder Ejecutivo, ocupa e inviste para sí todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en la comisión de determinados delitos. Figueroa Santiago et als. v. ELA, 207 DPR 923 (2021); Reliable Financial v. ELA, 197 DPR 289, 296 (2017); Reliable v. Depto. Justicia y ELA, 195 DPR 917, 924 (2016); Flores Pérez v. ELA,195 DPR 137, 146-147 (2016); Doble Seis Sport v. Depto. Hacienda, 190 DPR 763, 784 (2014).

Con el propósito de prescribir las normas que regirán el procedimiento de confiscaciones en nuestra jurisdicción, el legislador aprobó la Ley Núm. 119-2011, conocida como la Ley Uniforme de Confiscaciones de 2011, 34 LPRA sec. 1724 et seq.; Figueroa Santiago et als. v. ELA, *supra*; Reliable Financial v. ELA, *supra*, pág. 297. Mediante esta pieza legislativa, se estableció un trámite justo, expedito y uniforme para que el Estado pueda llevar a cabo las confiscaciones. Figueroa Santiago et als. v. ELA, supra; Flores Pérez v. ELA, 195 DPR 137, 146-147 (2016).

Así pues, la Ley Núm. 119-2011 reconoce el derecho constitucional que poseen los ciudadanos a la vida, libertad y al disfrute de la propiedad; así como, la protección de que ninguna persona será privada de su libertad y propiedad sin un debido proceso de ley[3]. Sobre el particular, la Exposición de Motivos de la Ley de Confiscaciones, dispone que:

> Con estas protecciones constitucionales en consideración, la presente legislación crea un procedimiento que garantiza el debido proceso de ley a todo dueño de bienes confiscados, dándose fin a

---

[3] Véase Exposición de Motivos de la Ley Núm. 119-2011 que menciona el Artículo II, Sección 7 de nuestra Constitución.

procedimientos dilatorios y evitando así que nuestros tribunales continúen congestionados por las demandas incoadas para impugnar las confiscaciones efectuadas. Esto evita que el transcurso del tiempo deteriore las propiedades confiscadas en perjuicio de sus dueños. […].

Con el propósito de cumplir con la política pública del Estado, el Artículo 2 de la Ley de Confiscaciones, reafirma la naturaleza *in rem* de las confiscaciones civiles, independiente de cualquier acción penal, administrativa o de cualquier otra naturaleza. 34 LPRA sec. 1724 nota. Los tribunales venimos obligados a interpretar las disposiciones atinentes a las confiscaciones de manera restrictiva. Reliable Financial v. ELA, *supra,* págs. 303.

En cumplimiento con esta política pública, el Artículo 9 de la Ley de Confiscaciones, detalla los bienes privados sujetos a incautación. En lo aquí establece lo siguiente:

Artículo 9.- Bienes sujetos a confiscación.

Estará sujeta a ser confiscada, a favor del Gobierno de Puerto Rico, toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando tales delitos graves y menos graves se encuentren tipificados en el Código Penal de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, […]; así como en otras leyes y en aquellos estatutos confiscatorios en los que por ley se autorice la confiscación. […]. 34 LPRA sec. 1724f.

Ahora bien, la Ley Uniforme de Confiscaciones dicta la manera en que se notificará el hecho de la confiscación a las partes con interés. A esos efectos el Artículo 13, dispone como sigue:

El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:

a) a la persona que tuviere la posesión física del bien al momento de la ocupación;

b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;

c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;

d) en los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien.

**Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes**.  La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.

En el caso de vehículos de motor que sean ocupados en virtud de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección de la Propiedad Vehicular" (9 LPRA secs. 3201 et seq.), la notificación se hará dentro de los treinta (30) días siguientes a partir del término de treinta (30) días dispuestos para que los oficiales del orden público lleven a cabo una investigación sobre el bien ocupado.  Un vehículo ocupado al amparo de la "Ley para la Protección de la Propiedad Vehicular", no será confiscado a favor del Gobierno de Puerto Rico hasta tanto se culmine el procedimiento dispuesto en dicha Ley.  El mismo se mantendrá bajo la custodia de la Policía hasta que se culmine la investigación correspondiente.

En aquellos casos en los que se incaute y retenga cualquier propiedad **para alguna investigación relacionada con cualquier acción penal, civil, administrativa** o cuando el **bien es indispensable para la investigación** o **como evidencia en el caso**, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días.  Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.  (Énfasis nuestro). 34 LPRA sec. 1724j.

En <u>Reliable Financial v. ELA</u>, *supra*, el Tribunal Supremo evaluó los plazos que establece el Artículo 13 para la notificación de la confiscación.  Por la importancia que ese caso reviste en los hechos que aquí atendemos, nos referimos al análisis y la conclusión a la que arribó el Tribunal Supremo.

En primer lugar, en <u>Reliable Financial v. ELA</u>, *supra* el foro indicó que, "como norma general, deberá cursarse la notificación en los treinta días siguientes **a la ocupación** de la propiedad." Íd. Por vía de excepción, en cuanto al imperativo de que la retención sea para *propósitos investigativos,* pertinente al caso que atendemos, el Tribunal Supremo explicó que, "para el Estado poder justificar la retención de propiedad confiscada a base del último supuesto del Artículo 13 de la Ley Núm. 119-2011, *supra*, es menester determinar si esa propiedad fue incautada *y* retenida con el *propósito* de asistir en alguna investigación concerniente a un caso." Íd.

Explicó que, a esos efectos, deben cumplirse los siguientes requisitos:

> Conforme esta disposición aparece redactada, no es suficiente aludir simplemente a una supuesta investigación en términos **vagos y generalizados**. El estatuto exige establecer, **tanto la naturaleza de la investigación, como la necesidad de retener la propiedad para fines asociados a esa investigación**. (Énfasis nuestro). <u>Reliable Financial v. ELA</u>, *supra,* págs. 302-303.

A tono con lo anterior, es preciso que la investigación esté relacionada con la razón *inicial* para ocupar el automóvil. Por consiguiente, el Estado no puede justificar la retención una vez pasados los treinta días, a base de eventos posteriores desconectados con la incautación inicial, tales como la inspección mandatoria decretada por la Ley Núm. 8, *supra.* Íd.  Debido a las

implicaciones de rango constitucional que conlleva la confiscación de propiedad, el Gobierno no cuenta con discreción absoluta para retener bienes privados por tiempo suplementario meramente a causa de una investigación. Reliable Financial v. ELA, *supra,* pág. 303.

En Reliable Financial v. ELA, *supra,* pág. 303, el Tribunal Supremo reiteró que el punto medular a evaluarse era, "la relevancia del vehículo para cualquier investigación en progreso a raíz de la incautación." Agregó que "[e]l hecho que se hayan ocupado armas en el automóvil no implica que automáticamente el vehículo sea relevante para alguna investigación ulterior sobre posibles cargos criminales contra los ocupantes." En esa línea, el foro mayor precisó que, "en sus escritos el Gobierno no detalla en qué consistió la supuesta investigación, cuál fue su propósito y su nexo con el vehículo. Por ejemplo, no existe ninguna referencia en el expediente que alerte sobre la necesidad de realizar algún tipo de inspección ulterior para levantar huellas dactilares, DNA o residuos de sustancias controladas, sangre o pólvora." […]. Reliable Financial v. ELA, *supra,* pág. 304.

Más adelante, expresó el Tribunal Supremo que:

No se infiere de los autos ni el Gobierno ha acreditado, que la decisión de retener el vehículo al momento de su ocupación fuese para fines investigativos relacionados a la ocupación y de este modo refrendar la aplicación del último párrafo del Art. 13 de la Ley Núm. 119-2011, *supra.* A base de lo anterior, resolvemos que el Gobierno no presentó razones válidas suficientes para establecer que retuvo el vehículo ocupado para fines investigativos asociados a los motivos que originaron su ocupación. Por lo tanto, la notificación de la orden de confiscación en este caso debió hacerse en los treinta días a partir del 17 de febrero de 2011, fecha de la ocupación del automóvil. Teniendo en cuenta que no fue hasta el 15 de abril de 2011, ya expirado este término, que se efectuó tal notificación, procede declarar su nulidad. Reliable Financial v. ELA, *supra,* pág. 305.

Así pues, el foro Supremo, Reliable Financial v. ELA, *supra,* pág. 305, pautó que, "la mejor práctica es que los motivos investigativos para retener la propiedad en estos casos se revelen a los dueños y a las personas con interés lo más cercano posible a la incautación." Agregó que "[d]e este modo, se les alerta oportunamente que el trámite confiscatorio puede extenderse más allá de los treinta o sesenta días, provistos en los otros supuestos de este precepto de ley. A la vez se reduce la posibilidad de que el Estado improvise justificaciones *a posteriori* para la demora, vulnerando los derechos propietarios de los dueños. Igualmente pueden consignarse fehacientemente en la orden de confiscación los fines investigativos que provocaron la retención de la propiedad." Reliable Financial v. ELA, *supra,* pág. 305. (Énfasis nuestro).

Según cualquiera de estos dos supuestos, corresponde a la parte que impugna una notificación por tardía, refutar las razones de índole investigativa aducidas por el Estado para amparar su retraso. Así pues, según sea el caso, el dueño o la parte con interés en la propiedad deberá probar, ya sea que no se dio tal investigación o que, de ésta haberse realizado, ese trámite no guardó relación con la incautación. Reliable Financial v. ELA, *supra,* pág. 306. Ahora bien, en ausencia de las comunicaciones mencionadas, una vez impugnada una notificación por tardía, si el Estado interesa valerse del periodo de tiempo adicional consignado en la última modalidad del Art. 13 de la Ley Núm. 119-2011, *supra*, por alegada ocupación para fines investigativos, le **corresponde el peso de probar, mediante prueba fehaciente, la conexión entre el motivo para la ocupación**

**de la propiedad retenida y la investigación correspondiente**. (Énfasis nuestro). Íd., pág. 307.

El incumplimiento con el término para notificar una confiscación provoca la nulidad de la acción del Estado. Reliable v. Depto. Justicia y ELA, *supra*, pág. 925; Coop. Seguros Múltiples v. Srio. de Hacienda, 118 DPR 115, 118 (1986).

A la luz de la antes mencionada normativa, disponemos.

### III.

En su recurso el Estado alega que de los documentos surge que el Estado cumplió con justificar la ocupación para fines investigativos. Sostuvo que se creó al menos una controversia de hechos sobre si el vehículo fue ocupado para fines investigativos, lo que activó el término de noventa (90) días dispuesto en el Artículo 13 de la Ley Uniforme de Confiscaciones. Ante ello, entendió que, como mínimo, el pleito no se debió resolver sumariamente por existir controversia sobre el propósito de la retención del vehículo. No nos persuade.

El Artículo 13 de la Ley 119-2011, establece un término jurisdiccional de (30) días siguientes a la fecha de la ocupación física de los bienes para que toda confiscación sea notificada. A manera de excepción, el estatuto provee otras dos modalidades que permiten que la notificación se emita pasados los treinta (30) días, siempre que se cumpla con lo dispuesto en alguna de estas. La tercera modalidad, aquí aludida, permite extender ese término a noventa (90) días, cuando se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso.

Amparado en esa excepción, el Estado alegó en la Oposición a la Moción de Sentencia Sumaria y en el recurso de apelación, que el documento de Orden de Confiscación establece que la ocupación del vehículo fue el 21 de febrero de 2023, para una investigación por causa de la comisión de delitos de la Ley de Armas de Puerto Rico, la cual contiene estatutos confiscatorios. Sostuvo que la Orden de Confiscación fue emitida a los 24 días de la ocupación del vehículo de motor, por lo que se realizó dentro del término de 90 días establecidos para culminar la investigación.

Revisamos el documento intitulado *Orden de Confiscación,* al que alude el Estado, y surge que el auto se retuvo por estar relacionado a los artículos 6.22, 6.05 de la Ley de Armas de Puerto Rico. La *Orden de Confiscación* indica que la confiscación era "por considerarse que es producto, ha sido utilizado o está relacionado con la comisión de los hechos delictivos que se hacen constar en el epígrafe de esta Orden". Esta información quedó plasmada en las determinaciones de hechos 3 y 5 de la Sentencia que revisamos. Allí también el TPI pautó en el hecho 5 que, "No surge imputación alguna de que el vehículo fue incautado por motivos investigativos."

Por tanto, notoriamente la *Orden de Confiscación* solamente hace referencia, a la razón por la cual se incautó la propiedad, pero en ningún lugar se expresa la necesidad de retener la propiedad para fines asociados a la investigación o para efectos investigativos. Aún más, vemos del documento de *Hoja de Inventario* que el funcionario marcó el inciso de "confiscado" y "ocupado para investigación".[4] No obstante, esta sola expresión, sin más, es una generalizada incapaz de rebasar la regla general

---

[4] Apéndice pág. 56.

de treinta (30) días para notificar la ocupación del vehículo. Sobre este tema, el Tribunal Supremo indicó en *Reliable Financial v. ELA*, supra, que no es suficiente aludir simplemente a una supuesta investigación en términos **vagos y generalizados**. El estatuto exige establecer, **tanto la naturaleza de la investigación, como la necesidad de retener la propiedad para fines *asociados* a esa investigación**. *Reliable Financial v. ELA, supra*. Ninguno de estos requisitos surge de los documentos que revisamos. Incluso, el Tribunal Supremo ha establecido que en estos casos el Estado debe detallar en qué consistía la supuesta investigación, cuál fue su propósito y su nexo con el vehículo. Véase *Reliable Financial v. ELA, supra.* Ese trámite era necesario pues, el hecho de que se ocupen armas en el automóvil, no implica que automáticamente el vehículo sea relevante para alguna investigación ulterior.[5]

Tampoco consta del expediente, ni de los escritos que ha sometido el Estado, que se le hubiese notificado oportunamente a los dueños. o a las personas con interés, sobre la necesidad de retener el vehículo por un tiempo más prolongado a la norma general de treinta (30) días. Ello era esencial pues "la mejor práctica es que los motivos investigativos para retener la propiedad en estos casos se revelen a los dueños y a las personas con interés lo más cercano posible a la incautación." *Reliable Financial v. ELA, supra*.

En fin, luego de considerar los documentos que se presentaron ante el foro primario y el derecho que cobija esta causa, confirmamos el dictamen apelado. El Estado no cumplió con la exigencia de notificar, en una fecha cercana a la ocupación

---

[5] Reliable Financial v. ELA, *supra*.

del vehículo, que este había sido ocupado para fines investigativos. Tampoco satisfizo el requisito de establecer la naturaleza de la investigación, como la necesidad de retener la propiedad para fines *asociados* a esa investigación.[6]  Ante ello, aplica la norma general de notificar en treinta (30) días desde la fecha de su ocupación, tal como lo decretó el TPI.  La ocupación del vehículo ocurrió el 21 de febrero de 2023, por tanto, debió notificarse ese hecho en el término jurisdiccional des treinta (30) días, que era, en o antes del 23 de marzo de 2023.  La carta del 13 de abril de 2023, puesta en el correo al siguiente día, resultó a destiempo por tardía.

Por lo anterior, confirmamos el dictamen apelado pues no existe controversia de hechos esenciales y el derecho se aplicó de forma correcta.

**IV.**

Por las razones que anteceden, confirmamos la nulidad de la confiscación según lo decretó el TPI en la Sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Véase Reliable Financial v. ELA, supra, pág. 304.