ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ERNANDO JOSÉ MELERO GODREAU<br>Apelado<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET AL<br>Apelante | KLAN202400811 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil Núm.: GM2023CV00323<br><br>Sobre: Impugnación de confiscación |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 17 de octubre de 2024.

Comparece el Estado Libre Asociado de Puerto Rico, en adelante el Gobierno o el apelante, quien solicita que revoquemos la *Sentencia* emitida el 24 de enero de 2024 y notificada el día 25 del mismo mes y año, por el Tribunal de Primera Instancia, Sala de Guayama, en adelante TPI. Mediante la misma, se declaró ha lugar la *Moción de Solicitud de Sentencia Sumaria* presentada por el señor Ernando José Melero Godreau, en adelante el señor Melero o el apelado, y se ordenó al apelante devolver el vehículo confiscado o, en su defecto, pagar su valor de tasación más los intereses legales acumulados.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Número Identificador

SEN2024_____

**-I-**

En el contexto de una *Demanda* sobre impugnación de confiscación, el señor Melero alegó que no fue debidamente notificado a su dirección postal, por lo que solicitó la nulidad de la incautación y la devolución del vehículo de motor o su justo valor en el mercado.[1] Afirmó que su dirección residencial es Urb. Valle Costero Calle Olas H-14 Salinas, Puerto Rico 00751 y que su dirección postal es PO Box 526 Salinas, PR 00751.

En la *Contestación a Demanda*, el Gobierno aceptó algunas alegaciones, negó otras y en lo aquí pertinente presentó como defensa afirmativa que la confiscación se hizo conforme dispone la *Ley Uniforme de Confiscaciones de 2011*, en adelante Ley Núm. 119-2011.[2]

Así las cosas, el apelado presentó una *Moción en Solicitud de Sentencia Sumaria* en la que insistió en que es el dueño y titular registral del vehículo de motor confiscado y que nunca recibió la notificación sobre la confiscación en el término jurisdiccional de 30 días, siguientes a la fecha de ocupación del bien mueble.[3]

Por su parte, el apelante presentó una *Oposición a Moción en Solicitud de Sentencia Sumaria*.[4] Adujo que el único hecho no controvertido es la fecha de confiscación del vehículo de motor porque la confiscación fue notificada oportunamente. Además, alegó que el señor Melero no rebatió la presunción de

---

[1] Apéndice del apelante, págs. 24-25.
[2] *Id.*, págs. 40-44.
[3] *Id.*, págs. 65-76.
[4] *Id.*, págs. 95-128.

legalidad de la confiscación, ni cumplió con las disposiciones de la Regla 36 de Procedimiento Civil.

Con el beneficio de la comparecencia de ambas partes, el TPI dictó una *Sentencia Enmendada* mediante la cual declaró con lugar la *Moción en Solicitud de Sentencia Sumaria* y formuló las siguientes determinaciones de hechos:

1. El vehículo marca Toyota, modelo 4 Runner del año 2018 con número de serie JTEZU5JRXJ51905730 y tablilla JDH-597 es propiedad del señor Ernando José Melero Godreau.

2. El Estado Libre Asociado de Puerto Rico ocupó [el] vehículo el 9 de febrero de 2023 en Salinas, Puerto Rico por alegada violación al Artículo 404.

3. El Estado Libre Asociado de Puerto Rico envió notificación de la confiscación el 3 de marzo de 2023.

4. La notificación no fue entregada por insuficiencia de dirección a pesar de ser enviada a la misma dirección informada en el sistema de la Directoria [*sic.*] de Servicios al Conductor.

5. El Estado presentó denuncias contra el señor Ernando José Melero Godreau.

6. El demandante resultó exonerado de la causa penal relacionada con los mismos hechos que motivaron la confiscación impugnada.[5]

Nuevamente insatisfecho, el Gobierno presentó una *Moción de Reconsideración*.[6] En síntesis, arguyó que a partir de la fecha en que se ocupó el vehículo registrado a nombre del señor Melero en el Registro de Vehículos del Departamento de Transportación y Obras Públicas, se diligenció la notificación en el término jurisdiccional de 30 días establecido en la Ley Núm. 119-2011. Específicamente, destacó que envió la misiva de notificación de la confiscación el 3 de marzo de 2023 "a sus dos direcciones conocidas, según consta del expediente de la confiscación, a saber: Urb. Valle

---

[5] *Id.*, págs. 17-21.
[6] *Id.*, págs. 7-12.

Costero, Calle Las Olas H-14, Santa Isabel, Puerto Rico 00757 y al PO Box 526, Santa Isabel, Puerto Rico 00751-0526".

Por su parte, el apelado presentó una *Moción en Oposición a la Solicitud de Reconsideración*.[7] Reiteró que no fue notificado conforme a derecho, "puesto que la dirección correcta de su residencia es Urb. Valle Costero, Calle Las Olas H-14 en Salinas, Puerto Rico y no en Santa Isabel, Puerto Rico y su dirección postal es PO Box 526, Salinas, Puerto Rico, 00751-0526 y no en Santa Isabel, Puerto Rico".

Evaluados los escritos de reconsideración y su oposición, el TPI declaró no ha lugar la *Moción de Reconsideración*.[8]

Aun inconforme, el apelante presentó una *Apelación* en la cual invoca la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "CON LUGAR" LA SOLICITUD DE SENTENCIA SUMARIA DE LA PARTE DEMANDANTE A PESAR DE QUE LA NOTIFICACIÓN DE LA CONFISCACIÓN SE HIZO CORRECTAMENTE A LA DIRECCIÓN CONOCIDA DEL ALEGADO DUEÑO DEL VEHÍCULO.
>
> EN LA ALTERNATIVA, ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "CON LUGAR" LA SOLICITUD DE SENTENCIA SUMARIA DE LA PARTE DEMANDANTE ANTE LA EXISTENCIA DE UNA CONTROVERSIA REAL Y SUSTANCIAL SOBRE [sic]DIRECCIÓN DE DICHA PARTE.

El apelado no presentó su alegato en oposición a la apelación en el término establecido en el Reglamento del Tribunal de Apelaciones. En consecuencia, el recurso está perfeccionado y listo para adjudicación.

---

[7] *Id.*, págs. 13 y 15.
[8] *Id.*, págs. 22-23.

Luego de evaluar el escrito del apelante y los documentos que obran en el expediente, estamos en posición de resolver.

**-II-**

**A.**

La sentencia sumaria es un mecanismo procesal extraordinario y discrecional, que tiene el propósito de facilitar la solución justa y rápida de los litigios y casos civiles que no presenten controversias genuinas de hechos materiales y que, por lo tanto, no ameritan la celebración de una vista en su fondo.[9] Se trata de un mecanismo para aligerar la tramitación de un caso, cuando de los documentos que acompañan la solicitud surge que no existe disputa sobre algún hecho material y lo que procede es la aplicación del derecho.[10]

Al respecto, la Regla 36.1 de Procedimiento Civil dispone que un reclamante debe "presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada".[11]

El Tribunal Supremo de Puerto Rico, en adelante TSPR, ha declarado enfáticamente que quien se opone a una solicitud de sentencia sumaria tiene que ceñirse a

---

[9] *Aponte Valentín v. Pfizer Pharmaceuticals, LLC*, 208 DPR 263, 277-279 (2021); *Meléndez González v. M. Cuebas*, 193 DPR 100, 110-113 (2015); *Reyes Sánchez v. Eaton Electrical*, 189 DPR 586, 594 (2013); *Ramos Pérez v. Univisión de P.R.*, 178 DPR 200, 213 (2010).
[10] *Aponte Valentín v. Pfizer Pharmaceuticals, LLC, supra*, págs. 277-279; *Meléndez González v. M. Cuebas, supra*, págs. 110-113 (2015); *Ramos Pérez v. Univisión de P.R., supra*, pág. 214.
[11] Regla 36.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

ciertas exigencias en lo atinente a los hechos.[12] Esto es, recae sobre el oponente la obligación de citar específicamente los párrafos, según enumerados en el escrito de sentencia sumaria, que entiende están en controversia, y para cada uno, detallar la evidencia admisible que fundamenta su alegación, y especificar la página o sección de la evidencia que contradice o refuta el hecho.[13] Además, el oponente puede someter hechos materiales adicionales que alegadamente no están en controversia y que impiden la solución sumaria del conflicto.[14] De así hacerlo, tiene la responsabilidad de, al igual que el proponente, enumerar los hechos en párrafos separados e indicar la pieza de evidencia que sostiene el hecho, con referencia específica a la parte de la evidencia que lo apoya.[15]

Finalmente, en *Meléndez González, et als. v. M. Cuebas, Inc. y Bohío Int., Corp*, *supra*, el TSPR estableció el estándar específico que debe utilizar el Tribunal de Apelaciones para revisar una sentencia sumaria dictada por el Tribunal de Primera Instancia:

> **Primero**, reafirmamos lo que establecimos en *Vera v. Dr. Bravo*, *supra*, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable

---

[12] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).
[13] *Id*.; 32 LPRA Ap. V, R. 36.3 (b)(2).
[14] *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*, pág. 432.
[15] *Id*.; Regla 36.3 (b)(3) de Procedimiento Civil (32 LPRA Ap. V).

a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

**Segundo**, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*, y discutidos en *SLG Zapata-Rivera v. JF Montalvo*, *supra*.

**Tercero**, en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, *el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos*. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

**Cuarto** y, por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[16]

**B.**

El procedimiento de confiscación regulado por la Ley Núm. 119-2011, *supra*, se estableció con el fin de crear estructuras que faciliten y agilicen la confiscación de bienes muebles e inmuebles y velar por los derechos y reclamos de las personas afectadas por este evento jurídico.[17]

En lo aquí pertinente, el TSPR ha sostenido que "[a]nte esta intervención del Estado con la propiedad de los ciudadanos y el derecho constitucional que les asiste a no ser privados de sus bienes sin un debido proceso de ley, la legislación vigente contiene una serie de disposiciones dirigidas a garantizar que aquellas personas con interés en la propiedad

---

[16] *Meléndez González, et als. v. M. Cuebas, Inc. y Bohío Int., Corp.*, *supra*, págs. 118-119. (Énfasis en el original).
[17] Artículo 2 de la Ley Núm. 119-2011 (34 LPRA sec. 1724 nota).

confiscada puedan impugnar en los tribunales el proceso de confiscación mediante una demanda civil".[18]   A esos fines, la Ley Núm. 119-2011, *supra*, determina, específicamente, a quiénes el Estado tiene la obligación de notificar la confiscación realizada y la tasación de la propiedad.[19]   Particularmente, el Artículo 13 de dicha pieza legislativa dispone:

> El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:
>
> (a)  A la persona que tuviere la posesión física del bien al momento de la ocupación.
>
> (b)  A aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien.
>
> (c)  En los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito. […]
>
> Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación. […][20]

En lo aquí pertinente hay que destacar que el Estado tiene que notificar, entre otros, al poseedor del vehículo al momento de la ocupación.   Esta notificación se realizará mediante correo certificado, en un término jurisdiccional de 30 días siguientes a la fecha de la incautación física del bien.[21] Conviene añadir que la notificación es un requisito fundamental

---

[18] *CSMPR et al. v. ELA,* 196 DPR 639, 645 (2016).
[19] *Id.*
[20] 34 LPRA sec. 1724j. (Supl. 2012) (Énfasis suplido) El Artículo 13 fue enmendado por la Ley Núm. 252-2012. No obstante, los incisos, (a), (b), (c) y (d) permanecen inalterados.
[21] *CSMPR et al. v. ELA, supra*, pág. 646.

del debido proceso de ley.[22] Por lo tanto, su incumplimiento conlleva la nulidad de la confiscación.[23]

Finalmente, las personas notificadas podrán radicar una demanda para impugnar la confiscación, contra el Gobierno y el funcionario que autorizó la apropiación, dentro de los 30 días siguientes a la fecha en que se reciba la notificación.[24] El emplazamiento al Secretario de Justicia debe ocurrir dentro de los 15 días siguientes a la fecha en que se presentó la demanda.[25]

**-III-**

El Gobierno entiende que notificó al señor Melero conforme la Ley Núm. 119-2011, es decir, a la dirección correcta y a la luz de la totalidad de las circunstancias del caso. Ello obedece, a que, según varios documentos presentados por el apelado, su dirección residencial es Urb. Valle Costero, Calle Las Olas H-14, Santa Isabel, Puerto Rico 00757. En consecuencia, el apelado presentó la *Demanda* de confiscación tardíamente.

En la alternativa, el Gobierno solicita que por existir una controversia real y sustancial sobre la notificación, se declare no ha lugar la solicitud de sentencia sumaria y, en cambio, se celebre una vista para dilucidar la controversia relacionada con la dirección del señor Melero.

Para efectos del resultado alcanzado basta atender el segundo señalamiento de error.

---

[22] *Id.; First Bank v. ELA*, 164 DPR 835, 853 (2005).
[23] *Id.; Coop. Seguros Múltiples v. Srio. de Hacienda*, 118 DPR 115, 118 (1986).
[24] 34 LPRA sec. 1724l.
[25] *Id.*

Luego de revisar *de novo* el expediente de la manera más favorable a la parte promovida y llevando a cabo todas las inferencias posibles a su favor, concluimos que existe controversia real y sustancial sobre la dirección residencial del señor Melero, por lo cual procede declarar no ha lugar la moción de sentencia sumaria. Veamos.

Obran en el expediente documentos de los que se puede inferir razonablemente que la dirección del apelado es Urb. Valle Costero Calle Olas H-14, Santa Isabel, Puerto Rico 00757.[26] Sin embargo, también se encuentra en el expediente correspondencia dirigida a dicha dirección devuelta por el correo.[27]

Por otro lado, el señor Melero, por conducto de su abogado, representó al TPI que su residencia ubica en el Municipio de Santa Isabel.[28]

Establecida la existencia de hechos materiales en controversia y teniendo en cuenta que la confiscación constituye una privación de la propiedad por el Estado, que debe cumplir con las garantías mínimas del debido proceso de ley,[29] procede revocar la *Sentencia Enmendada* y devolver el caso al TPI para celebrar una vista evidenciaria en la que se diluciden las siguientes controversias: 1) determinar la dirección residencial del apelado, 2) si la notificación de la confiscación fue oportuna y 3) si la demanda de impugnación se presentó en el término jurisdiccional que establece la Ley Núm. 119-2011.

---

[26] Apéndice del apelante, págs. 62, 76, 106, 113, 115, 117, 125, 127.
[27] *Id.*, págs. 121, 122 y 124.
[28] *Id.*, pág. 88.
[29] *Reliable v. Depto. Justicia y ELA*, 195 DPR 912, 924 (2016).

Finalmente, conforme al mandato de la Regla 36.4 de Procedimiento Civil, declaramos que los hechos 1-6 de la *Sentencia Enmendada* no están en controversia.

**-IV-**

Por los fundamentos previamente expuestos, se revoca la *Sentencia* apelada y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones