Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| FRANCISCO ORTIZ GONZÁLEZ<br><br>Recurrido<br><br>v.<br><br>COLOMER & SUÁREZ, LLC Y OTROS<br><br>Peticionario | KLCE202401320 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sobre:<br>Despido Injustificado (Ley Núm. 80); Daños y Perjuicios; Daños Punitivos; Lucro Cesante y otros<br><br>Caso Número:<br>MZ2024CV01226 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 17 de enero de 2025.

La parte peticionaria, Colomer & Suárez, LLC, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, el 25 de noviembre de 2024 y notificada el 26 de noviembre de 2024. Mediante la misma, el foro primario declaró *No Ha Lugar* una solicitud de desestimación, así como una solicitud de prórroga, según promovidas por la parte peticionaria, ello dentro de una causa de acción sobre despido injustificado incoada por el aquí recurrido, Francisco Ortiz González. En consecuencia, el foro de origen anotó la rebeldía de la parte peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca la *Resolución y Orden* recurrida.

### I

El 22 de julio de 2024, el recurrido presentó la querella de epígrafe al amparo del procedimiento sumario establecido en la Ley

de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118, *et seq*, ello en el Tribunal de Mayagüez.

En esencia, alegó haber sido despedido sin razón legal alguna, luego de haber laborado para la entidad peticionaria por cuarenta y un (41) años. En la consecución de los trámites pertinentes, el 16 de agosto de 2024, la parte peticionaria fue emplazada en el Municipio de Ponce. En su contenido, el emplazamiento le advirtió a que disponía de diez (10) días para presentar su alegación responsiva en cuanto a la querella de autos.

Así las cosas, el 3 de septiembre de 2024, la parte peticionaria presentó un documento intitulado *Comparecencia Especial sin Someterse a la Jurisdicción del Honorable Tribunal para la Desestimación de la Querella y Solicitud Juramentada de Extensión de Término para Contestar Querella.* En el pliego, alegó que el diligenciamiento del emplazamiento en controversia fue uno defectuoso, toda vez que el mismo reflejaba un error en cuanto al término para presentar su contestación a la querella. En específico, sostuvo que el emplazamiento expresamente indicaba que debía de actuar de conformidad dentro de un plazo de diez (10) días siguientes al diligenciamiento. Sin embargo, afirmó que, dado a que fue emplazada fuera del distrito judicial en el que se promovió la causa de acción de epígrafe, el término aplicable para responder a las alegaciones hechas en su contra era de quince (15) días.

La parte peticionaria argumentó que siendo, el emplazamiento, un mecanismo procesal revestido de garantías constitucionales inherentes al debido proceso de ley, el estado de derecho era enfático en que sus requisitos debían cumplirse estrictamente. Añadió que, al amparo de dicha premisa, se reconocía que la omisión en el cumplimiento de los requisitos pertinentes privaba a los tribunales de jurisdicción sobre la persona

del demandado, por lo que ningún pronunciamiento emitido en contra de un querellado no emplazado conforme a derecho, surtía efecto legal. De igual modo, en su argumentación, la parte peticionaria invocó la letra de la Sección 3 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3120, disposición que establece que, en caso de ser notificada de la presentación de una querella laboral en su contra, ello fuera del distrito judicial en la que la misma se incoó, la parte querellada habrá de disponer de quince (15) días para radicar su contestación.

Al amparo de lo anterior, la parte peticionaria solicitó al Tribunal de Primera Instancia que desestimara la causa de acción de epígrafe por nulidad en el diligenciamiento de la notificación de la querella en controversia. En la alternativa, solicitó que se le proveyera una prórroga de cinco (5) días, desde resuelta su moción, para presentar su alegación responsiva o cualquier otro remedio que procediere en derecho.

En cumplimiento de orden, el 23 de septiembre de 2024, el recurrido presentó su *Oposición a Solicitud de Desestimación*. En su comparecencia, admitió que, en efecto, el diligenciamiento del emplazamiento de la parte peticionaria se efectuó fuera del distrito judicial en el que radicó la querella de epígrafe. No obstante ello, sostuvo que, aun cuando, tal cual lo alegado por la peticionaria, era de aplicación el término legal de quince (15) días para presentar la correspondiente alegación responsiva, esta no actuó de conformidad dentro de dicho plazo, sino que se limitó a solicitar la desestimación de la acción. De esta forma, el recurrido solicitó al tribunal que denegara la desestimación promovida por la parte peticionaria y que le concediera un término perentorio de cinco (5) días para presentar su contestación a la querella, so pena de anotarle la rebeldía.

El 26 de noviembre de 2024, el Tribunal de Primera Instancia notificó la *Resolución y Orden* aquí recurrida. En virtud de la misma,

dispuso que el haber consignado, en el contenido del emplazamiento, que la parte peticionaria disponía de diez (10) días para presentar su alegación responsiva, constituyó un error de forma. Añadió que, si bien, tal cual planteado por ambas partes de epígrafe, la parte peticionaria disponía de quince (15) días para presentar su contestación a la querella de epígrafe, esta compareció, mediante la solicitud de desestimación sin someterse a la jurisdicción, el 3 de septiembre de 2024, "[dieciocho] 18 días luego de ser emplazad[a]".[1] A tenor dicho cómputo, el tribunal sostuvo que la parte peticionaria actuó tres (3) días luego de vencidos los quince (15) días de los que disponía para presentar su alegación responsiva, o para solicitar una prórroga para contestar. Al respecto, afirmó que esta se cruzó de brazos, por lo que, habiendo requerido la extensión de una prórroga fuera del plazo aplicable, carecía de jurisdicción para concederla. Así, el Tribunal de Primera Instancia denegó, tanto la solicitud de desestimación, como la solicitud de prórroga, promovidas por la parte peticionaria. En consecuencia, el foro primario, anotó la rebeldía de la entidad compareciente.

El 26 de noviembre de 2024, la parte peticionaria presentó una *Moción Urgente para Dejar sin Efecto Anotación de Rebeldía.* En esta ocasión, señaló que, contrario a resuelto, oportunamente solicitó la prórroga en controversia dentro del plazo de quince (15) días correspondiente, según establecido por la Ley Núm. 2, *supra.* En específico, indicó que, habiendo sido emplazada el 16 de agosto de 2024, el referido término vencía el sábado 31 de agosto de 2024, que, por ser fin de semana, se trasladaba al próximo día hábil, ello conforme lo dispuesto en la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1. *Coop. Seguros Múltiples v. Srio. de Hacienda,* 118 DPR 115, 119 (1986). Indicó que, el lunes siguiente, a saber, 2

---

[1] Véase: Apéndice, *Resolución y Orden* pág. TA 0014.

de septiembre de 2024, era un día feriado, lo que hacía del martes 3 de septiembre de 2024, el último día del plazo en cuestión. La peticionaria indicó que tal fue la fecha en la que compareció mediante las solicitudes en disputa, hecho que acreditaba que peticionó la prórroga para contestar dentro de lo requerido por ley y que, por ende, el tribunal ostentaba jurisdicción para proveer para su requerimiento. Así, la parte peticionaria solicitó que se dejara sin efecto la anotación de rebeldía decretada en su contra. Conforme surge, el Tribunal de Primera Instancia no se expresó en torno a la comparecencia de referencia.

Inconforme, el 6 de diciembre de 2024, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En igual fecha, presentó una *Moción en Auxilio de Jurisdicción,* respecto a la cual, mediante *Resolución* del 9 de diciembre de 2024, ordenamos la paralización de los procedimientos en el tribunal primario. En su recurso, la parte peticionara formula los siguientes señalamientos:

Erró el TPI al anotar la rebeldía a la C&S basado en que:

i. El defecto de emplazamiento de no incluir el término correcto para la parte querellada presentar la contestación a querella no anula el mismo y/o desestima la querella y;

ii. Determinar que la prórroga solicitada por C&S fue tardía, cuando no lo fue, ya que el cómputo del tribunal fue contrario a lo dispuesto en la Regla 68.1 de las de Procedimiento Civil.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

Cónsono con lo estatuido en la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, procede una anotación de rebeldía cuando una parte contra la cual se ha solicitado una

sentencia que conceda algún remedio afirmativo, deje de presentar la correspondiente alegación o de defenderse en otra forma. En nuestro sistema de ley, la rebeldía se concibe como la posición procesal que asume aquella parte que, tras ser requerido judicialmente, opta por no ejercitar su derecho a defenderse. R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil,* Lexis Nexis de Puerto Rico, Inc., 6ta Edición, 2017, pág. 327. Esta figura tiene un propósito disuasivo para las partes que puedan utilizar la dilación como un elemento de su estrategia en la litigación. *Rodríguez Gómez v. Multinational Ins. Co.*, 207 DPR 540, 554 (2021), citando a *Ocasio v. Kelly Servs.*, 163 DPR 653, 670–671 (2005).

El remedio dispuesto en la antes aludida Regla opera en dos situaciones: cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o defenderse, o cuando una de las partes en un pleito incumple con algún mandato del tribunal, y este le impone la rebeldía a manera de sanción. *Mitsubishi Motor v. Lunor, Inc. y otros*, 2023 TSPR 110, 212 DPR ___ (2023). *Supermercado Grande, Inc. v. Álamo Pérez,* 158 DPR 93, 100 (2002). El mismo, además, tendrá como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda, o aquella formulada contra el rebelde, y que se autorice al tribunal a dictar sentencia, si esta procede en derecho. *Rodríguez Gómez v. Multinational Ins. Co.*, supra, pág. 554; *González Pagán v. Moret Guevara,* 202 DPR 1062, 1068 (2019); *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

**B**

Por su parte, como principio rector, el debido proceso de ley exige que toda persona, natural o jurídica, sobre quien pesa un proceso judicial, conozca de la existencia del mismo para que comparezca al tribunal y presente adecuadamente su defensa. De

conformidad con este deber, el emplazamiento debe constituir una notificación razonable y adecuada sobre la pendencia de determinada reclamación, de manera que le brinde al individuo la oportunidad de ser oído antes de que sus derechos queden adjudicados. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018); *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 682 (2012); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005). El emplazamiento es el mecanismo procesal mediante el cual los tribunales de justicia adquieren jurisdicción sobre la persona del demandado para que éste quede sujeto a su eventual pronunciamiento. *Ross Valedón v. Hosp. Dr. Susoni et al,* 2024 TSPR 10, 213 DPR ___ (2024); *Rivera Torres v. Díaz López,* 207 DPR 636, 646-647 (2021); *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458 (2017); *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 869 (2015); *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714, 720 (2009); *Rivera v. Jaume,* 157 DPR 562, 575 (2002). De ahí que se le reconoce como el paso inaugural del debido proceso de ley, que viabiliza el ejercicio de la autoridad judicial y cuya adulteración constituye una violación al trato justo. *Lucero v. San Juan Star,* 159 DPR 494, 507 (2003). Siendo esto así y por estar revestido de una de las mayores garantías constitucionales, nuestro sistema de derecho exige que, tanto su forma, como su diligenciamiento, cumplan estrictamente con los requisitos legales provistos. De este modo, si se prescinde de los mismos, la sentencia que en su día recaiga carecerá de validez. *Banco Popular v. S.L.G. Negrón,* supra; *Quiñones Román v. Cía ABC,* 152 DPR 367, 374 (2000).

Dada la naturaleza de entronque constitucional que rodea el procedimiento de emplazamiento, se reconoce que, "en forma alguna viene obligado un demandado a cooperar con el demandante en la realización por este del diligenciamiento del emplazamiento. Los demandados tienen un derecho a ser emplazados conforme a

derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar fraude y que se utilicen procedimientos judiciales para privar a una persona de su propiedad sin el debido proceso de ley". *Quiñones Román v. CIA ABC,* supra, pág. 375. En lo aquí pertinente, respecto diligenciamiento de un emplazamiento dentro de un proceso de naturaleza laboral al amparo de lo estatuido en la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118, *et seq.,* en su Sección 3, provee como sigue:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. [...]
>
> [...].
>
> 32 LPRA sec. 3120.
>
> *Class Fdez. v. Metro Health Care,* 2024 TSPR 63, 213 DPR ___ (2024).

### C

Finalmente, la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1, dispone la manera en que se computarán los términos legales establecidos por nuestro ordenamiento jurídico. *Hernández Jiménez et al. v. AEE et al.,* 194 DPR 378, 387 (2015). A tales efectos, en lo aquí atinente, la misma provee como sigue:

> En el cómputo de cualquier término concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. [...].

**III**

En la presente causa, la parte peticionaria plantea que el Tribunal de Primera Instancia incidió al anotar su rebeldía, ello sin considerar que la no inclusión del término correcto para presentar su alegación responsiva en el emplazamiento vició el diligenciamiento de su emplazamiento. A su vez, afirma que el foro primario incidió al computar el plazo de quince (15) días aquí en controversia y, en consecuencia, al determinar que compareció a la acción de epígrafe de manera tardía. Habiendo examinado los referidos señalamientos a la luz del derecho aplicable y de los hechos acontecidos, expedimos el auto solicitado y revocamos la *Resolución y Orden* recurrida.

Al examinar los documentos que obran en el expediente de autos, no podemos sino concluir que, tal cual planteado por la entidad peticionaria, el Tribunal de Primera Instancia incurrió en error al anotar su rebeldía. Ciertamente, el más correcto ejercicio del cálculo de los días legales dispuestos a su haber para presentar su alegación responsiva, o solicitar prórroga para proceder de conformidad, no había expirado al momento en el que esta sometió a la consideración judicial su escrito sobre *Comparecencia Especial sin Someterse a la Jurisdicción del Honorable Tribunal para la Desestimación de la Querella y Solicitud Juramentada de Extensión de Término para Contestar Querella.* Tal cual propone la parte peticionaria, habiendo sido emplazada, fuera del distrito judicial en el que se radicó la querella de autos, el 16 de agosto de 2024, el plazo de quince (15) días aplicable al caso, según estatuido en la Ley Núm. 2, *supra,* y conforme a las disposiciones procesales pertinentes a su cómputo, expiraba el martes 3 de septiembre de 2024, día hábil en el que la parte peticionaria efectivamente formalizó la comparecencia en disputa. Si bien, el cálculo natural de los quince (15) días en controversia venció el sábado 31 de agosto

de 2024, a tenor con lo dispuesto en la Regla 68.1, *supra*, excluyéndose el domingo y el lunes siguiente, este por haber sido un día de fiesta legal, la parte peticionaria disponía hasta el referido martes 3 de septiembre de 2024 para actuar respecto a la querella presentada en su contra y, en consecuencia, para que su comparecencia fuera reputada como eficaz.

En mérito de lo anterior, no podemos avalar la corrección de la anotación de rebeldía resuelta en contra de la peticionaria. Toda vez que compareció al pleito de manera oportuna, solicitando una prórroga para contestar a las alegaciones en su contra dentro del plazo establecido, procede que el pronunciamiento aquí recurrido se deje sin efecto. De este modo, revocamos la determinación emitida por el foro primario, y proveemos para la continuación de los procesos pertinentes.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari solicitado* y se revoca la determinación recurrida, ello en cuanto a la anotación de rebeldía resuelta en contra de la parte peticionaria. En consecuencia, se deja sin efecto la paralización de los procesos decretada por este Foro mediante *Resolución* del 9 de diciembre de 2024 y se ordena la continuación de los mismos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones